| Case No. | CV15-6641 PSG (AGRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | Ultra Violet Burlesque v. Rachel Deboer | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order DENYING Defendant's Motion to Dismiss or Transfer for Improper Venue Under 28 U.S.C. Section 1406(a) or, in the Alternative, to Transfer for Convenience Under 28 U.S.C. Section 1404(a)

Before the Court is Defendant Rachel Deboer's ("Defendant") motion to dismiss or transfer for improper venue under 28 U.S.C. § 1406(a) or, in the alternative, to transfer for convenience under 28 U.S.C. § 1404(a). Dkt. # 16 ("Mot."). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the arguments in the moving, opposing and reply papers, the Court DENIES the motion.

I.     Background

Plaintiff Ultra Violet Burlesque ("Plaintiff") is a California partnership. Dkt. # 1 ("Compl."), ¶ 1. Defendant is an individual residing in Hawaii. *Id.* ¶ 2; *Mot.* 2. Plaintiff alleges that it has been using the trademarks ULTRA VIOLET BURLESQUE and EMPRESS ULTRA VIOLET since 2005 in the context of live burlesque shows and websites featuring burlesque. *Compl.* ¶ 7. Plaintiff alleges that Defendant has been infringing Plaintiff's trademarks by using ULTRAVIOLETS and ULTRAVIOLET BURLESQUE for similar services and online advertisements. *Id.* ¶ 9.

Plaintiff filed a Complaint in this Court on August 28, 2015 asserting one claim for False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a). *See id.* Defendant filed an answer on November 12, 2015, asserting various affirmative defenses. *See* Dkt. # 13. Defendant did not raise improper venue as an affirmative defense. *See id.* On December 29, 2015, Defendant filed this motion to dismiss or transfer on the basis of improper venue under 28 U.S.C. § 1406(a). *See Mot.* Alternatively, Defendant asks the Court to exercise its discretion under 28 U.S.C. § 1404(a) to transfer to the District of Hawaii. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-6641 PSG (AGRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | Ultra Violet Burlesque v. Rachel Deboer | | |

II.    Legal Standard

"Federal Rule of Civil Procedure 12(b)(3) allows a defendant to bring a motion to dismiss on the basis of improper venue." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1102 (C.D. Cal. 2001); *see* Fed. R. Civ. P. 12(b)(3).  Venue in federal court is governed by statute. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577-78 (2013).  If a case has been filed in the wrong judicial district or division, the court must "dismiss [the complaint], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Even where venue is not improper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a); *Abrams Shell*, 165 F. Supp. 2d at 1102.  Section 1404(a) explicitly defines three factors – the convenience of the parties, the convenience of witnesses, and the interest of justice.  28 U.S.C. § 1404(a).  In the Ninth Circuit, district courts may also consider factors used in the forum non conveniens context:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof…[as well as (9)] the relevant public policy of the forum state[.]

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The district court may also consider factors such as (10) relative court congestion; (11) "the local interest in having localized controversies decided at home," and (12) "the unfairness of burdening citizens in an unrelated forum with jury duty."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The burden is on the moving party to show that transfer is appropriate.  *See CFTC v. Savage*, 622 F.2d 270, 279 (9th Cir. 1979).  Overall, § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-6641 PSG (AGRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | Ultra Violet Burlesque v. Rachel Deboer | | |

III.  Discussion

      As an initial matter, Plaintiff asserts that Defendant has waived her right to challenge venue as improper under 28 U.S.C. § 1406(a). *Opp.* 2. Federal Rule of Civil Procedure 12(h)(1) provides that a defendant must raise a 12(b)(3) defense in a responsive pleading or else waive it. Fed. R. Civ. P. 12(h)(1). Because Plaintiff did not raise venue as an affirmative defense in her answer to the Complaint, she may not do so now. *See Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (holding that defendant waived challenge to venue where it failed to timely object).

      Defendant implicitly concedes that she has waived the right to challenge venue under 28 U.S.C. § 1406(a), but argues that transfer for the purpose of convenience is still proper under 28 U.S.C. § 1404(a). *Reply* 2. As the moving party, Defendant has the burden of showing that transfer is appropriate. *See Savage*, 622 F.2d at 279. The Court must accord deference to Plaintiff's choice of forum. *Id.*; *see LA Memorial Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd* 726 F.2d 1381 (9th Cir. 1984) ("the plaintiff's choice of venue should not be lightly disturbed").

      Defendant makes two primary arguments in support of transfer. First, Defendant argues that it would be "burdensome and inconvenient" for her to travel to this district. *Mot.* 5. However, the Plaintiff partnership is comprised of two individuals who both reside in southern California. *Opp.* 7. It would therefore likely be equally burdensome and inconvenient to force Plaintiff to pursue its claim in the District of Hawaii; transferring would "merely shift rather than eliminate the inconvenience." *Decker Coal*, 805 F.2d at 843.

      Second, Defendant argues that witnesses Adelle Lennox ("Lenox"), Ada Stephens ("Stephens") and Traci Miller ("Miller") are located in Hawaii, and that it would be "burdensome and inconvenient" for them to travel to California. *Mot.* 5. Defendant argues that the case should be transferred because the Court would be unable to subpoena those witnesses for trial in California, but makes no indication that the three witnesses, who appear to be employees or independent contractors affiliated with Defendant, would be unwilling to testify in California so as to require a subpoena. *Id.*; *see Jones*, 211 at 498-99 (district court may consider the availability of compulsory process to compel the attendance of *unwilling* non-party witnesses).

      Moreover, Defendant declares that Lennox will testify as to "operation and design" of Defendant's websites, while Stephens and Miller will testify regarding "business matters relating to the business and promotion of [Defendant's] dance troupe[.]" Dkt. # 18, ¶¶ A-C. Defendant does not explain why the testimony of those witnesses will be necessary, or even helpful, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-6641 PSG (AGRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | Ultra Violet Burlesque v. Rachel Deboer | | |

defend against Plaintiff's single claim for False Designation of Origin under 15 U.S.C. § 1125(a).

In sum, Defendant has not shown that convenience to the parties or the interests of justice favors transfer, nor has she convincingly shown that convenience to the witnesses favors transfer. Accordingly, the Court finds that she has failed to meet her high burden of demonstrating that that transfer is warranted in this case. *See Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Defendant's motion is therefore denied.

IV.  Conclusion

For the foregoing reasons, Defendant's motion to transfer is DENIED.

**IT IS SO ORDERED.**